■ In the Matter of the Estate of ROBERT A. KOEPPEL, Deceased. WILLIAM W. KOEPPEL et al., Respondents-Appellants; ROBERTA L. KOEPPEL et al., as Coexecutors of ROBERT A. KOEPPEL, Deceased, Appellants-Respondents. [743 NYS2d 865] —Amended order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about May 8, 2001, which, to the extent appealed and cross-appealed from, after a nonjury trial, adjudicated the parties' competing claims to certain assets purportedly part of the estate of the decedent, Robert A. Koeppel, unanimously affirmed, without costs. Cross appeals from an order, same court and Surrogate, entered on or about February 22, 2001, unanimously dismissed, without costs, as superseded by the appeal from the amended order entered on or about May 8, 2001.

In this dispute between family members over the ownership and control of various assets purportedly part of the decedent's estate, the Surrogate, following trial, issued two detailed and well-reasoned opinions, setting forth the grounds for her determination granting in part and denying in part the parties' competing claims. We have considered the parties' numerous arguments for affirmative relief and conclude that they should be rejected and that the appealed amended order should be affirmed based on the Surrogate's findings and conclusions, since those findings and conclusions find firm support in the trial record. It is well settled that the determination of a court sitting as factfinder should not be disturbed on appeal unless it is obvious that the court's conclusions could not have been reached under any fair interpretation of the evidence, particularly where, as here, the court's factual findings rest in large measure upon the court's first-hand assessment of the credibility of the witnesses (see, Thoreson v Penthouse Intl., 80 NY2d 490, 495; K.I.D.E. Assoc. v Garage Estates Co., 280 AD2d 251, 253). Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.